IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**  :  CASE NO. 1:10-CR-245-01
:
**v.**  :
:
**LARNELL MORRISON**  :

# M E M O R A N D U M

## I.    Background

Before the court is a motion for writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 by Defendant Larnell Morrison. Morrison alleges that at the time of his sentencing, his court appointed counsel, Dennis Boyle,[1] failed to argue against the amount of drugs attributed to him based on relevant conduct. He also claims that counsel was incompetent for not arguing for a sentence in the range of 12 to 18 months. The Government has filed a response.[2]

## II.   Discussion

### A. Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective

---

[1] At the time of sentencing, Morrison was represented by attorney Dennis Boyle but at the time of Morrison's guilty plea, he was represented by attorney Guillermo Bosch.

[2] Morrison filed a motion to quash the Government's response, alleging that the untimely response prejudiced him. He does not state what that prejudice is. The court will deny the motion to quash.

1

standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but

for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

### B. Facts of this Case

Morrison was charged in a two count indictment with two controlled sales of cocaine hydrochloride – one for 13.9 grams and one for 27.5 grams for a total of 41.4 grams. The presentence report, however, attributed to Morrison a total of 721.8 grams (Presentence Report at ¶ 9). Morrison alleges that the extra drugs attributed to him through relevant conduct was improper because he did not receive discovery as to this evidence as promised by the Government. He further alleges that because of this failure, his sentence should be lowered. At the guilty plea proceeding, however, the following discussion occurred:

> MR. BEHE: But Mr. Bosch is stating that, to the extent that relevant conduct may increase the amount, then therefore what his offense level would be, they're not admitting to anything beyond the half ounce and ounce.
>
> THE COURT: Is the Government seeking anything beyond that?
>
> MR. BEHE: We may, depending on how – he's a career offender, I believe. And the information that we had from the multiple sources was that Mr. Morrison was involved in the unlawful distribution of half ounce and ounce amounts of cocaine hydrochloride. So we may be having a hearing if we can't –
>
> THE COURT: On relevant conduct?
>
> MR. BEHE: Yes, Your Honor.
>
> THE COURT: Did you explain to him what the relevant conduct means?

>MR. BOSCH: Your Honor, I have explained to him what relevant conduct means. We have received no discovery as to any amounts other than these amounts on the 22nd of July and July 29th. We received lab reports as to those two amounts. And, therefore, Mr. Morrison in court accepts responsibility for those amounts. Anything else other than that, we have not received discovery. We have received some oral information about a possibility of relevant conduct. We do not know how much or how or who. And if the Government wants a hearing as to relevant conduct, Your Honor, then we would have to go back into discovery mode and get that because we have no information as to that.
>
>THE COURT: Well, at this point, even the probation officer can't do much about it.
>
>MR. BEHE: That's true. Once I provide the probation officer with a statement of facts and relevant reports, they'll construct a presentence report and come up with their calculation as to what they think the drug weight would be. You're correct, there was no discovery on that because your guy hasn't been charged with anything other than these two sales.
>
>MR. BOSCH: Exactly.
>
>MR. BEHE: To the extent there would be an increase beyond that, then, of course, you would be entitled to discovery and, of course, I'd provide it to you.
>
>MR. BOSCH: So we would want, Your Honor, the witnesses here. I think we have to cross-examine people as to that.
>
>THE COURT: Okay. You'll get it.
>
>MR. BOSCH: Thank you.

(Doc. 28 at p. 10, line 15 to p. 12, line 9.)

The presentence report set forth the offense conduct at paragraphs 4 through 9. The presentence report established the amount of drugs from the information obtained from the assistant United States attorney and the Drug Enforcement Administration investigative reports which were accessible to Defendant's counsel. Defendant's sentencing counsel, Boyle, filed objections to the

presentence report objecting to the amount of drugs assessed from the relevant conduct. In defense counsel's sentencing memorandum, he argued against the assessment of drugs based on relevant conduct and argued for a 12 to 18 month sentence (Doc. 41).

The Government did provide the discovery on the relevant conduct to the probation office to which Defendant had access. There is no breach of the plea agreement and there is no other promise except as set forth above. On the day of sentencing, however, the parties reached an agreement which was accepted by the court as follows:

> MR. BEHE:  . . . today we're agreeing to ask the Court to make it an offense level of 23, category 3. And if you take three levels off for acceptance, the range would now be 41 to 51 months. And Mr. Morrison is going to withdraw his objections. And the United States is satisfied to recommend to the Court that a sentence be within the range of 41 to 51 months in recognition of the fact as well that he has a supervised release violation term that the Court will be imposing as well.
>
> THE COURT: Mr. Morrison, you've reviewed the pre-sentence report?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And there were objections filed. You heard Mr. Behe indicate that and that your counsel also will agree to withdraw the objections and have your offense level at a 23 with a criminal history of 3, which would give you a potential sentence of anywhere between 41 to 51 months. Now in addition to that, as a result of this offense, you violated your supervised release, so that you are subject to another sentence that has to run consecutive to this sentence that the Court imposes. Are you satisfied that you understand?
>
> THE DEFENDANT: Yes, Your Honor.

(Doc. 59 at p. 2, line18 to p. 3, line 13.)

## III.      Conclusion

        Morrison has not shown that his counsel's performance at sentencing was deficient when in fact Morrison agreed to the sentence. In fact, the Third Circuit Court of Appeals affirmed the sentence imposed by this court. *See United States v. Morrison*, 512 Fed. Appx. 247 (C.A. 3 2013). An appropriate order will be issued.

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: March 4, 2014.